UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| William Campbell | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Asset Acceptance, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Greene & Cooper, LLP | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Kyle A. Cooper | ) | |
|     2210 Greene Way | ) | |
|     Louisville, KY 40220 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and for wrongful garnishment in violation of Kentucky law.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff William Campbell is a natural person who resides in Woodford County, Ky. and is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Asset Acceptance, LLC ("AAL") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. AAL's principal place of business is located at 28405 Van Dyke Avenue, Warren, MI 48093.

5. AAL is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6. Defendant Greene & Cooper, LLP ("Greene") is a Kentucky professional services corporation and is engaged in the business of collecting debts on behalf of other legal entities, including AAL. Greene's principal place of business is located at 2210 Greene Way, Louisville, KY 40220.

7. Greene is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

8. On May 27, 2014, Asset Acceptance, LLC ("AAL") by and through its counsel Greene & Cooper, LLP ("Greene") filed a complaint against Plaintiff William Campbell ("Campbell") in the Woodford District Court of Woodford County, Kentucky under case number 14-C-00177 (the "State Court Lawsuit").

9. AAL's complaint in the State Court Lawsuit was an attempt to collect a charged-off account originated by Chase Manhattan Bank ("Chase"). The Chase account was used solely for personal, family, or household purposes, which makes the account a "debt" within the meaning of the FDCPA.

10. AAL, by and through Greene as its counsel, moved for default judgment against Mr. Campbell in the State Court Lawsuit on January 26, 2015, and the Woodford District Court granted default judgment to AAL on April 23, 2015 (the "Judgment").

11. A true and accurate copy of the Judgment is attached as Exhibit "A."

12. The Judgment provides in pertinent part:

> This cause of action coming to be heard on the pleadings, and the Defendant named above having been served with process, and having failed to serve responsive pleadings to the Complaint, and having failed to appear, it is adjudged by the Court that the Plaintiff shall have judgment against the Defendant named above for the sum of $2,327.76, together with interest at the rate of 8% per annum December 31, 2013, until the entry of judgment, and at 12% per annum on the judgment until satisfied in full, plus all costs expended by Plaintiff, subject to a credit of $.00, for all of which execution may be had forthwith.

Exhibit "A."

13. While the Judgment awards "costs expended" to AAL, no amount of court costs is included or set forth in the Judgment.

14. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

15. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

16. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

17. Under Kentucky law, a bill of costs must be filed within a reasonable time after

entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

18. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

19. Neither AAL, nor Greene as AAL's counsel, filed a bill of costs in the State Court Lawsuit.

20. Neither AAL, nor Greene as AAL's counsel, served a bill of costs on Mr. Campbell related to the State Court Lawsuit.

21. There is no supplemental judgment entered in the State Court Lawsuit awarding AAL costs.

22. On December 15, 2016, AAL, by and through Greene as AAL's counsel, filed and served a wage garnishment to Mr. Campbell's employer (the "Garnishment").

23. A true and accurate copy of the Garnishment is attached as Exhibit "B."

24. The Garnishment provides in pertinent part:



Exhibit "B."

25. Upon information and belief, the "Amount Due" of $3,051.27 stated in the Garnishment includes self-awarded court costs that neither AAL nor Greene has any legal right to recover from Mr. Campbell.

26. AAL, by and through Greene as its counsel, collected the entire amount of the Judgment by means of the Garnishment, and AAL and Greene filed a notice of satisfaction of the Judgment in the State Court Lawsuit on April 17, 2017.

27. AAL, and Greene as its counsel, applied some portion of the funds it received by means of the Garnishment to recover their self-awarded court costs and collection expenses.

28. AAL and Greene violated the FDCPA by **(i)** including court costs in the amount due in the Garnishment where no timely Bill of Costs was filed in the State Court Lawsuit; **(ii)** falsely representing the amount due in the Garnishment; and **(iii)** collecting more under the Judgment that it had any legal right to collect from Mr. Campbell.

## Claims for Relief

I. **Violations of the FDCPA**

29. The foregoing acts and omissions of Asset Acceptance, LLC ("AAL") and Greene & Cooper, LLP ("Greene") constitute violations of the FDCPA. AAL's and Greene's violations include, but are not limited to, the following:

   a. Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Chase debt in the Garnishment;

   b. Violation of 15 U.S.C. § 1692e(5) by collecting costs and collection expenses which neither AAL nor Greene had a legal right to collect from Mr. Campbell, thus taking an action which cannot legally be taken;

   c. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect costs and collection expenses from Mr. Campbell in the Garnishment; and

   d. Violation of 15 U.S.C. § 1692f(1) by collecting amounts of costs and collection expenses which were neither authorized by the agreement creating the Chase debt nor permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Campbell requests that the Court grant him the following relief:

1. Award Plaintiff actual damages equivalent to all unauthorized court costs and collection expenses collected from Mr. Campbell by means of the Garnishment;

2. Award Plaintiff maximum statutory damages against each Defendant under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

        Respectfully submitted,

        /s/ James R. McKenzie
        **James R. McKenzie**
        *James R. McKenzie Attorney PLLC*
        115 S. Sherrin Ave. Suite 4
        Louisville, KY 40207
        Tel:    (502) 371-2179
        Fax:   (502) 257-7309
        jmckenzie@jmckenzielaw.com

        James H. Lawson
        *Lawson at Law, PLLC*
        115 S. Sherrin Avenue, Suite 4
        Louisville, KY 40207
        Tel:    (502) 473-6525
        Fax:   (502) 473-6561
        james@kyconsumerlaw.com